UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION
2017 TERM

BOARD OF TRUSTEES OF THE
INDIANA LABORERS WELFARE FUND,
    Plaintiff,

VS.                                                      CASE NO. 2:17-cv-499

TIMOTHY STEPHENS and
STACEY STEPHENS,
    Defendants.

## COMPLAINT FOR EQUITABLE RELIEF AND ENFORCEMENT
## OF EMPLOYEE WELFARE BENEFIT PLAN

Comes now the Plaintiff, Board of Trustees of Indiana Laborers Welfare Fund (the "Fund") by and through its attorney, Richard J. Shagley II, of the law firm Wright, Shagley & Lowery, P.C., and for its cause of action against the Defendants, Timothy Stephens ("Timothy") and Stacey Stephens ("Stacey"), alleges and says:

### Jurisdiction

1. This Court has subject matter jurisdiction over this civil action based upon Section 502 of the Employee Retirement Income Security Act of 1974, specifically codified at 29 U.S.C. §1132(a)(3), in that the Plaintiff is a fiduciary seeking to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan". 29 U.S.C. §1132(a)(3).

2. The Fund is a self-funded "employee welfare benefit plan" as defined by 29 U.S.C.A. § 1002; was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or

benefits, or benefits in the event of sickness, accident, disability, death or unemployment; its principal place of business is the administrative office located at 413 Swan Street, Terre Haute, IN 47807; and brings this action on behalf of the trustees, participants and beneficiaries.

3. Timothy was an active participant in the Fund and received coverage and benefits provided by the Fund and Stacey received coverage and benefits provided by the Fund as his spouse.

4. Pursuant to 29 U.S.C. § 1132(e), the federal district courts of the United States have exclusive jurisdiction over this type of action, which may be filed in any district where the fund in administered. This Court is the proper venue for this action, as the Fund is administered in Terre Haute, Indiana with its office located at 413 Swan Street, Terre Haute, IN 47807.

## Facts

5. The Fund provides benefits to its participants in accordance with the terms of its Combination Plan Document and Summary Plan Description (the "Plan").

6. Timothy was an active participant in the Fund and received coverage and benefits provided by the Fund and Stacey received coverage and benefits provided by the Fund as an eligible spouse.

7. Timothy and Stacey were divorced on June 18, 2015 and Decree of Dissolution of Marriage was entered by the Rush County Circuit Court in Cause No. 70C01-1411-DR-383. A copy of the Chronological Case Summary is attached hereto, incorporated herein and designated Exhibit "A".

8. The Fund was not notified of the parties' divorce and continued to pay claims submitted and provide benefits to Stacey after the parties were divorced and she was no longer covered under the Plan.

**CLAIMS FOR RELIEF: ENFORCEMENT OF PLAN, UNJUST ENRICHMENT, RESTITUTION, NEGLIGENCE, FRAUD, WILFUL AND MALICIOUS INJURY TO PROPERTY**

9. Plaintiff incorporates by reference rhetorical paragraphs 1 through 8.

10. Defendants were unjustly enriched by the receipt of coverage and benefits from the Fund to which they were not entitled and restitution is warranted.

11. Moreover, the Defendants' failure to inform the Fund of their divorce constitutes actionable negligence, but also rises to the level of a fraud perpetrated on the Fund and a willful and malicious injury to the Fund's assets and property.

12. Upon conducting an internal audit, the Fund has determined that the Defendants received mistaken and excess payments which were overpaid in the sum of One Thousand Four Hundred Thirty-Three Dollars and 13/100 ($1,433.13).

13. The Fund is entitled to recover these overpaid benefits pursuant to the Section 8.15 of the Plan, which states:

> *Section 8.15 – Other Rights of Recovery*
> Whenever benefit payments are made under the Plan which are in excess of eligible expenses or other Plan limits (including mistaken payments), the Board of Trustees shall have a right to recover the mistaken or excess amount from either –
>
> A) the person or agency who received it, or
>
> B) the Participant, Totally Disabled Participant, Retiree or covered Dependent.
>
> In the case of the Participant, Totally Disabled Participant, Retiree or covered Dependent, the Board of Trustees reserves the right to reduce future benefit payments under the Plan in order to correct a prior overpayment;

and also pursuant to 29 U.S.C. § 1132(a)(3), which states in relevant part:

> (a) Persons empowered to bring a civil action
> A civil action may be brought--
> **(1)** by a participant or beneficiary--
> **(A)** for the relief provided for in subsection (c) of this section, or

**(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
**(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
**(3)** <u>by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;</u>

29 U.S.C.A. § 1132 (emphasis added). A copy of Section 8.15 of the Plan is attached hereto, incorporated herein by reference and designated Exhibit "B".

14.     The Fund has formally requested a return of the overpaid benefits but Defendants have failed to return any portion thereof and remain liable thereon.

15.     Pursuant to 29 U.S.C. 1132(g), the Court in its discretion may allow a reasonable attorney's fee and costs of action incurred by Plaintiff in bringing this action against the Defendants.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants in the sum of One Thousand Four Hundred Thirty-Three Dollars and 13/100 ($1,433.13) plus prejudgment interest, reasonable attorney fees, the costs of this action and for all other just and appropriate relief in the premises.

Respectfully submitted,

WRIGHT, SHAGLEY & LOWERY, P.C.
500 Ohio Street
P.O. Box 9849
Terre Haute, IN 47808
Phone:   (8l2) 232-3388
Fax #:   (812) 232-8817


By: __/s/ Richard J. Shagley II_____
        Richard J. Shagley II (#23135-84)
        Attorneys for Plaintiff